Vermont Superior Court
Filed 04/26/21
Washington Unit

VERMONT SUPERIOR COURT                                      CIVIL DIVISION

Washington Unit                                            Case No. 133-3-20 Wncv

65 State Street

Montpelier VT  05602

802-828-2091

www.vermontjudiciary.org



| Nussbaum vs. Harwood Unified Union School |
| --- |

# ENTRY REGARDING MOTION

Title:           Motion for Summary Judgment MotionName        for Summary Judgment
Motion#      7 (Motion: )
Filer:         Neil Nussbaum
Filed Date:   June 11, 2020

The motion is DENIED.

*Nussbaum v. Harwood Union Unified Sch. Dist.*, Nos. 127-3-20 Wncv and 133-3-20 Wncv

Representing himself, Plaintiff Paul Nussbaum filed these two access-to-public-records cases, Nos. 127-3-20 Wncv and 133-3-20 Wncv (consolidated for hearing and this decision), against the Harwood Unified Union School District (or, nominally, its board of directors).  It is clear from the pleadings that there is some history between the parties and some testiness that has caused the dockets to blossom with requests for sanctions and a request from Harwood to enjoin future suits against it by Mr. Nussbaum.

*Background*

The controversy in No. 127-3-20 Wncv arose out of parental complaints to Harwood that Mr. Nussbaum was inappropriately using school e-mail addresses (which he apparently had in relation to having been a coach) to contact their daughters.  He was instructed to stop doing that.  He requested copies of those complaints, of which only one was in writing and thus capable of being produced.  Harwood refused to produce it, claiming that it was an exempt student record, 1 V.S.A. § 317(c)(11).  Mr. Nussbaum had sent his request to the relevant school principal, who referred it to the superintendent.  The superintendent sent to Mr. Nussbaum a letter of denial from Harwood's counsel, and the communication indicated that any appeal was to that superintendent.  Mr. Nussbaum then filed suit without having first appealed to the superintendent, prompting Harwood to seek judgment on the pleadings for lack of exhaustion.

Mr. Nussbaum then sought disqualification of one of Harwood's attorneys, Kienan Christianson, Esq., because, though Attorney Pietro Lynn had noticed his appearance for Harwood and filed the motion for judgment on the pleadings, Attorney Kienan Christianson's name also appeared in the signature block. Mr. Nussbaum claimed that this violated Rule 79.1.

Mr. Nussbaum himself then sought dismissal of the case, representing that his records request had been satisfied. Harwood, however, opposed dismissal, sought consolidation with his other public records case, sought an order to show cause regarding an alleged Rule 11 violation, and sought a pre-filing injunction regarding future "frivolous" suits filed by Mr. Nussbaum.[1]

In the case docketed as No. 133-3-20 Wncv, Mr. Nussbaum had sent his records request directly to the chair of Harwood's school board, Ms. Caitlin Hollister, seeking copies of attachments to an e-mail she had sent. In response, Ms. Hollister sent back to Mr. Nussbaum Harwood's protocol for public records requests which, she asserted, requires such requests to be made to Harwood's public information officer. Harwood's records request procedure requires: "Any other member of the District shall direct the requesting party to make the written request to the District's Public Information Officer (PIO) and then immediately notify the PIO of such a request."

Mr. Nussbaum responded by filing this suit and, on the same day, filed a motion for summary judgment. That motion included no statement of undisputed facts as required by Rule 56. It asks the court to declare the process used by Harwood—requiring a requestor to request records from a designated PIO—is improper and violates the Public Records Act. Mr. Nussbaum withdrew that motion and later refiled it. His records request by that time had been satisfied but he claimed the issue he was raising was not moot because it was capable of repetition.

Harwood filed a motion for judgment on the pleadings similar to the one it filed in the other case, described above. Harwood responded to Mr. Nussbaum's summary judgment motion by arguing that production of the requested records mooted the request, and Mr. Nussbaum responded with further briefing to the effect that Harwood cannot deny a public record request by claiming that it was not funneled through the correct person at the institution.

The court heard from the parties at a hearing on January 11, 2021.

---

[1] At the time, Harwood was under the impression due to certain representations from Mr. Nussbaum that there was in fact a third separately filed lawsuit that was substantially identical to this case. There was in fact no third such lawsuit.

*Analysis*

The court declines to enjoin Mr. Nussbaum from further filings. It goes without saying that to do so is an extraordinary remedy. Such a remedy is not warranted by the pleadings in these cases.

The court also declines to award sanctions in either case. Simply put, the court finds some of the pleadings to be ill-considered: for example, Mr. Nussbaum's motion to disqualify and, perhaps, Harwood's characterization of a parental complaint about Mr. Nussbaum as an exempt student record. In any event, the court will not administer to litigation over sanctions in these circumstances.

The only real remaining controversy between the parties is whether Harwood can require a requestor to send a public records request to a designated person, such as the PIO in this case.

The relevant statute describes the procedure for an agency to produce records and specifically designates that the decision-making with regard to production is controlled by the "custodian." 1 V.S.A. § 318. That term is not defined. The procedure is set out, in part, as follows:

> (b) Upon request, the custodian of a public record shall promptly produce the record for inspection or a copy of the record, except that:
>
> (1) If the record is in active use or in storage and therefore not available for use at the time the person asks to examine it, the custodian shall promptly certify this fact in writing to the applicant and, in the certification, set a date and hour within one calendar week of the request when the record will be available.
>
> (2) If the custodian considers the record to be exempt from inspection and copying under the provisions of this subchapter, the custodian shall promptly so certify in writing. The certification shall:
>
> > (A) identify the records withheld;
> >
> > (B) include the asserted statutory basis for denial and a brief statement of the reasons and supporting facts for denial;
> >
> > (C) provide the names and titles or positions of each person responsible for denial of the request; and
> >
> > (D) notify the person of his or her right to appeal to the head of the agency any adverse determination.

Entry Regarding Motion
133-3-20 Wncv Nussbaum vs. Harwood Unified Union School

Page **3** of **5**

(3) [Repealed.]

(4) If a record does not exist, the custodian shall promptly certify in writing that the record does not exist under the name given to the custodian by the applicant or by any other name known to the custodian.

1 V.S.A. § 318(b).  In more complex public institutions, which would include schools, the designation of a specific custodian of records is necessary to ensure orderly, complete, and well-documented searches for records, consideration of exemptions, and correspondence with requestors and employees and staff. This function can be a significant responsibility.  It is not improper for an agency to designate a specific custodian and require requests to be submitted to that person so long as the procedure is reasonably clear and available to the public and is not employed to thwart records requests.[2]  Nothing in the Public Records Act prevents an agency from having such a policy.

The Harwood policy as used in this case appears to the court to have been a reasonable and proper exercise of the public institution's prerogatives.  It sent a copy of the policy to Mr. Nussbaum redirecting him to channel his request to the proper person, not the board chair, even though she may have possessed the document at issue.  While doing so may seem overly bureaucratic, the court cannot find fault with the process so long as it is not used to undermine the Act.  The policy expressly requires other staff to redirect requests to the PIO and is not explicitly clear that requests not sent directly to the PIO from the requestor will go unanswered.  The court perceives Harwood's actions in this case may have been less accommodating to Mr. Nussbaum than it may have been to others because he is a frequent user of the system and the parties clearly have an antagonistic relationship.  The court notes that in the other case, although not immediately providing the requested record due to a claimed exemption, Harwood did send him a copy of the policy as well.  Regardless, nothing prevented Mr. Nussbaum from sending his request to the proper person.  Any real inconvenience was self-imposed.

*Order*

For the foregoing reasons, Mr. Nussbaum's request for a declaration that Harwood's public records request policy fails to comply with the Access to Public Records Act is denied.   All other pending motions are denied.  Counsel for Harwood shall submit two forms of judgment, one for each case. V.R.C.P. 58(d).

---

[2] To the extent that Mr. Nussbaum argues that the custodian of any particular public record is the actual human being at the agency in possession of that record, the court disagrees.  Such an interpretation of the Act would be manifestly unreasonable as requiring a requestor to somehow know in advance who at the agency has possession of which records.  Normally, there would be no way for a requestor to know such a thing.  Mr. Nussbaum's highly impractical interpretation may suit his circumstances since his request was to the person who sent the e-mail he was interested in, and she presumably still possessed it, but it is a manifestly unreasonable interpretation of the Act.

So Ordered.

Robert R. Bent,
Judge